Chief Justice Robertson,
delivered the opinion of the court.
This was an indictment for a common nuisance, in obstructing a public highway. The accused pleaded infancy! and the circuit court sustained the plea, by overruling a demurrer to it.
We must presume, that the demurrer was overruled, on the supposition, by the judge, that the 9th and 10th sections of an act of 1797, li Dig. 1095,.repealed the common law, as to all obstructions of highways; and that, consequently, the proceeding should have been against the-father or guardian, and that an infant is not punishable.
Rut, however fallacious such a supposition may be, or however erroneous may be the decision of the circuit court upon the demurrer, this court has no power to control the judgment.
By the common law, on which the indictment was based, the punishment for an obstruction of a public highway ‘■‘■ad commune nocumentum,” is fine and im *29 prisonment, and may be extended even farther. This court, as was decided in “Montee vs The Commonweal h,” has no jurisdiction over criminal or quasi criminal cases, which are not strictly and exclusively penal.
Denny, attorney gencial, for commonwealth.
As this was a prosecution for a nuisance at common law, and as a prosecution for a nuisance at common law cannot be denominated, with legal propriety, a “penal case,'’ th irefjre, tne appeal does not lie in this case.
Wherefore, for want of jurisdiction in this court, the appeal must be dismissed.